IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SEAN REILLY,

    Petitioner,

v.                                       CASE NO. 4:18-cv-253-WS-GRJ

SECRETARY, FLORIDA
DEPT. OF CORRECTIONS,

    Respondent.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's 2010 Leon County conviction for tampering with a witness, for which Petitioner was sentenced to 10 months' confinement in county jail followed by two years of community control and then two years of probation, in case number 2008-CF-781. Petitioner's community control and probation were revoked, and he was sentenced to four years' imprisonment. ECF No. 1. Petitioner is currently in the custody of the Florida Department of Corrections pursuant to 2015 Leon County sentences for fraudulent use of personal identification (case number 08-CF-4221) and aggravated stalking in violation of a court order (case number 14-CF-0017). According to the

Florida Department of Corrections' online inmate locator, Petitioner currently has a release date for those sentences in April 2023.[1]

This matter is now before the Court on ECF No. 12, Respondent's motion to dismiss the Petition for lack of jurisdiction because Petitioner's sentence for the challenged witness-tampering conviction had fully expired at the time the Petition was filed, and therefore Petitioner was not "in custody" pursuant to that sentence for purposes of 28 U.S.C. § 2254.  For the following reasons, the undersigned recommends that the motion to dismiss be granted.[2]

## State-Court Proceedings

The procedural history of this case is summarized in the motion to dismiss, and Respondent has provided the relevant state court records with the motion.  Petitioner's original judgment in Leon County circuit court case number 08-CF-781 was entered on March 12, 2010.  ECF No. 12-1 at 3-16.  Petitioner's community control and probation were revoked, and on December 6, 2010, he was resentenced to four years' imprisonment, with credit for time served.  ECF No. 12-1 at 18-27.  Petitioner's probation also

---

[1] http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=N21886&TypeSearch=AI (last accessed 2/19/19).

[2] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

was revoked in a separate case, case number 08-CF-4221 (fraudulent use of personal ID). According to the judgment of conviction in case number 08-CF-781, his four-year sentence was ordered to run concurrent with the sentence imposed in case number 08-CV-4221, in which Petitioner received a total 10-year sentence. ECF No. 12-1 at 27. Petitioner is challenging the revocation of probation proceeding for case no. 08-CV-4221 in a separate federal habeas corpus case. *See Reilly v. Sec'y, Fla. Dept. of Corr.*, Case No. 4:18-cv-225-MW-CAS, ECF No. 1 (pending).

Respondent argues that since Petitioner was sentenced to a four-year term of imprisonment on December 6, 2010, his sentence in Case No. 08-CF-781 would have completely expired prior to filing the instant § 2254 petition on May 21, 2018, more than seven years later. *See* ECF No. 1, ECF No. 12. Respondent therefore contends that Petitioner is no longer "in custody" pursuant to the March 12, 2010, conviction for purposes of jurisdiction under § 2254. ECF No. 12.

In opposition to the motion to dismiss, Petitioner concedes that his sentence in case number 08-CF-781 has expired and that he is no longer in custody pursuant to that judgment. Petitioner argues that he falls within an exception to the "in custody" requirement for purposes of federal habeas corpus jurisdiction because the March 12, 2010, judgment had an "adverse

effect" on the case for which he is currently in custody, case number 08-CF-4221.  ECF No. 25 at 3.

## Discussion

Relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001).

In *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas petition even if the expired conviction has been used to enhance a sentence imposed under a subsequent conviction.  The Court explained:

> While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.  Since almost all States have habitual offender statutes, and many States provide . . . for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas.  This would read the 'in custody' requirement out of the statute.

*Maleng*, 490 U.S. at 492; *see also Lackawanna County Dist. Atty. v. Coss,* 532 U.S. 394, 403-04 ("once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.").

The exceptions to the "in custody" requirement are very limited: where the prior conviction was secured in violation of the right to counsel and in "rare" circumstances where no channel of review was actually available with respect to the prior conviction or the defendant obtains "compelling" new evidence of innocence which he could not previously uncover. *Lackawanna*, 532 U.S. at 404-06. In the habeas corpus context, to state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner contends that he has obtained evidence that the witness-tampering charge against him was "orchestrated" by a police officer, in the form of an email from the officer to the victim's family allegedly offering the victim immunity from prosecution in exchange for her cooperation in prosecuting Petitioner. Petitioner has submitted a purported copy of the March 2007 email to this Court. *See* ECF No. 25 at 16. The email discusses the charges against Petitioner involving victim Adriana Kawa as well as other victims. Even if the copy of the email is accurate, it does not amount to evidence that Petitioner is "actually innocent" of the witness tampering charge for which he was convicted such that the instant Petition would fall within any exception to the "in custody" requirement. *See id.*

The fact that Petitioner's witness-tampering conviction and sentence may have had an "adverse effect" on the sentence he is presently serving in the subsequent case affords Petitioner no relief. Petitioner's four-year sentence in case number 08-CF-781 was *concurrent* with the total ten-year sentence he is serving in case number 08-CF-4221. In *Garlotte v. Fordice*, 515 U.S. 39, 45-46 (1995), the Supreme Court held that *consecutive* sentences are viewed in the aggregate for purposes of the federal habeas "in custody" requirement. Thus, when a prisoner serving multiple consecutive sentences has completed one, but not all, habeas jurisdiction

exists to challenge the conviction for the expired sentence, because invalidation of that conviction would advance the prisoner's release date. *Id*. at 47.  *Garlotte's* holding is applicable only to consecutive sentences, not to concurrent ones.  The fact that an expired consecutive sentence, if vacated, would advance the petitioner's release date was central to the holding that a prisoner could challenge the underlying conviction of an expired sentence in a habeas proceeding.  *Id.* at 47.

By contrast, a successful habeas action resulting in a vacated *concurrent* sentence – such as the four-year sentence at issue in this case – would have no effect on Petitioner's release date from his concurrent felony convictions and sentences that he is presently serving.  *See Sweet v. McNeil,* 2009 WL 2974884, *1-*2 (11th Cir. 2009) (unpublished) (affirming dismissal of habeas petition for lack of subject matter jurisdiction because petitioner's 11-month and 29-day sentence that was concurrent with a life sentence had expired before the petition was filed).[3]

Petitioner has filed a motion to compel the Respondent to produce the sentencing scoresheets for Petitioner's sentences in case number 08-

---

[3] Pursuant to 11th Cir. R. 36.2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.  Because it is clear that the Court lacks subject matter jurisdiction over the Petition, it is unnecessary to address the Respondent's alternative argument that Petitioner's claims are unexhausted.

CF-4221.  ECF No. 19.  While such documents may be relevant to Petitioner's other pending case in which he challenges that conviction, they have no bearing on the conclusion in this case that Petitioner is no longer in custody pursuant to the sentence in case number 08-CF-781 for purposes of federal habeas corpus jurisdiction.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either

party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

Accordingly, it is **ORDERED** that Petitioner's motion to compel, ECF No. 19, is **DENIED.**

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 12, should be **GRANTED,** this case should be **DISMISSED** with prejudice, and a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 19th day of February 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.